UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ST. LOUIS HOUSING AUTHORITY<br>ex rel. JAMISON ELECTRIC, LLC,<br><br>    Plaintiff,<br><br>  vs.<br><br>HANKINS CONSTRUCTION CO.,<br>and FIDELITY AND DEPOSIT CO. OF<br>MARYLAND,<br><br>    Defendants. | Case No. 4:12CV1746 CDP |

## **MEMORANDUM AND ORDER**

This is a dispute between subcontractor Jamison Electric, LLC and general contractor Hankins Construction Co. The St. Louis Housing Authority contracted with Hankins to modernize a group of apartments, and Hankins subcontracted the electrical work to Jamison.

Jamison has now brought multiple claims against Hankins and its surety, Fidelity & Deposit Co. of Maryland.[1] Jamison alleges that Hankins breached its subcontract by disrupting, delaying, and then accelerating Jamison's work and by withholding payment for work completed. Hankins has counterclaimed, alleging that Jamison refused to complete its assigned work and is liable for back charges Hankins might incur from the Housing Authority.

---

[1] The claims against Fidelity are not at issue in this order.

Hankins moves to dismiss a portion of Jamison's Count I for Breach of Contract, the so-called Delay/Obstruction/Acceleration Claim. Hankins argues primarily that a provision of the subcontract between Hankins and Jamison required Jamison to present claims of delay within 48 hours, and Jamison has not pled that it complied with that provision. Hankins also contends that the same provision blocks claims for damages caused by delay.

I conclude that that the Delay/Obstruction/Acceleration Claim is supported by sufficient factual allegations to state a plausible claim for relief, so I will deny Hankins' motion.

**I.** **Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the court assumes the factual allegations of a complaint are true. *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989). The court also makes all reasonable inferences in favor of the plaintiff. *O'Neal v. State Farm Fire & Casualty Co.*, 630 F.3d 1075, 1077 (8th Cir. 2011).

Rule 8(a)(2), Fed. R. Civ. P., provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corp. v. Twombly*, the Supreme Court clarified that Rule 8(a)(2) requires complaints to contain "more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action." 550 U.S. 544, 555 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678–79, 686 (2009) (a court need not "credit a complaint's conclusory statements without reference to its factual context"). Specifically, to survive a motion to dismiss, a complaint must contain enough factual allegations, accepted as true, to state a claim for relief "that is plausible on its face." *Twombly*, 550 U.S. at 570.

## II. Discussion

To recover for a breach of contract under Missouri law, a plaintiff must prove the existence and terms of the contract; that plaintiff performed under the contract; that defendant breached the contract; and that plaintiff suffered damages. *Keveney v. Mo. Military Academy*, 304 S.W.3d 98, 104 (Mo. banc 2010). To state a claim for breach of contract, however, a plaintiff need only plead facts sufficient to demonstrate the existence of a valid contract and its breach. *Amburgy v. Express Scripts, Inc.*, 671 F. Supp. 2d 1046, 1055–56 (E.D. Mo. 2009) (citing *Brion v. Vigilant Ins. Co.*, 651 S.W.2d 183, 185 (Mo. Ct. App. 1983)).

### A. *Section 5 of the Subcontract Between Hankins and Jamison*

Here, Section 5 of the subcontract between Jamison and Hankins is at issue. Section 5 provides, in relevant part:

> Should the Subcontractor be obstructed or delayed in the prosecution or completion of the work by the act, neglect, delay or default of the Contractor . . . then the time herein fixed for the completion of the work shall be extended for a period equivalent to the time lost . . . ; but no

recitation of the elements of a cause of action." 550 U.S. 544, 555 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678–79, 686 (2009) (a court need not "credit a complaint's conclusory statements without reference to its factual context"). Specifically, to survive a motion to dismiss, a complaint must contain enough factual allegations, accepted as true, to state a claim for relief "that is plausible on its face." *Twombly*, 550 U.S. at 570.

## II. Discussion

To recover for a breach of contract under Missouri law, a plaintiff must prove the existence and terms of the contract; that plaintiff performed under the contract; that defendant breached the contract; and that plaintiff suffered damages. *Keveney v. Mo. Military Academy*, 304 S.W.3d 98, 104 (Mo. banc 2010). To state a claim for breach of contract, however, a plaintiff need only plead facts sufficient to demonstrate the existence of a valid contract and its breach. *Amburgy v. Express Scripts, Inc.*, 671 F. Supp. 2d 1046, 1055–56 (E.D. Mo. 2009) (citing *Brion v. Vigilant Ins. Co.*, 651 S.W.2d 183, 185 (Mo. Ct. App. 1983)).

### A. *Section 5 of the Subcontract Between Hankins and Jamison*

Here, Section 5 of the subcontract between Jamison and Hankins is at issue. Section 5 provides, in relevant part:

> Should the Subcontractor be obstructed or delayed in the prosecution or completion of the work by the act, neglect, delay or default of the Contractor . . . then the time herein fixed for the completion of the work shall be extended for a period equivalent to the time lost . . . ; but no

> such allowance shall be made unless a claim therefor shall be presented in writing to the Contract within forty-eight hours of the occurrence of such delay and such extension of time has been approved by the Owner and the Architect or Engineer.

It continues:

> No payment or compensation of any kind shall be made to Subcontractor for damages because of hinderance or delay in the progress of the work from any [cause].

(Def.'s Am. Counterclaim, Ex. 1, p. 2.)

### B. *The Delay/Obstruction/Acceleration Claim*

In support of the claim at issue, Jamison alleges that Hankins had an obligation not to delay or obstruct Jamison's work but "persistently" did so anyway. (Am. Compl., ¶¶ 31, 32.) Jamison alleges that Hankins "then accelerated the performance of Jamison's work, causing Jamison to incur extensive additional costs." (*Id.*, ¶¶ 32, 33.) Jamison makes fourteen additional allegations, some more specific than others, describing the ways in which Hankins delayed and obstructed Jamison's work. (*See id.*, ¶ 34(a)–(n).) For example, Jamison maintains that Hankins failed to coordinate and properly schedule subcontractors' work. According to Jamison, it "repeatedly advised Hankins of the disruptions and obstructions throughout the project, and received no relief." (*Id.*, ¶ 36.)

Jamison further alleges that Hankins did not provide Jamison with any extension of time and did not comply with Section 5. (Am. Compl., ¶ 33, 37.) Jamison also alleges that, under the subcontract, "all outside hindrances to

– 4 –

Jamison's work were required to be removed by Hankins" but that Jamison's "repeated requests to remove the outside hindrances" were ignored by Hankins. (*Id.*, ¶¶ 38, 39.) Jamison alleges that it "fulfilled all conditions precedent to maintain this action, or alternatively is excused from having to perform conditions" due to Hankins' breach or waiver of the subcontract provisions. (*Id.*, ¶ 30.)

### C. *Hankins' Motion to Dismiss*

Hankins argues that Jamison's Delay/Obstruction/Acceleration Claim must fail for two reasons. First, according to Hankins, Jamison failed to plead that it complied with Section 5 by making its requests for extensions of time within 48 hours of the alleged interruptions. Second, Hankins argues that the claim is barred by the second portion of Section 5, which Hankins deems a "no-damages-for-delay clause." Neither of Hankins' arguments has merit.

### a. Jamison Pled Compliance with Section 5

Under Rule 9(c), Fed. R. Civ. P., a plaintiff need only "allege generally that all conditions precedent have occurred or been performed." Therefore, Jamison's broad allegation that it "fulfilled all conditions precedent to maintain this action" was sufficient to satisfy its pleading requirements. (Am. Compl., ¶ 30; *see also* ¶¶ 36, 39.) *See Weitz Co., LLC v. Alberici Constructors, Inc.*, 8:08CV199, 2009 WL 115980, at *3 (D. Neb. Jan. 16, 2009) (under Rule 9(c), subcontractor adequately pled that it had given required notice of delays to contractor simply by alleging it

had satisfied all conditions precedent to contractor's obligation to perform under their subcontract).

b. Claim Is Not Barred By No-Damages-For-Delay Clause

The second portion of Section 5 of the subcontract provides: "No payment or compensation of any kind shall be made to Subcontractor for damages because of hinderance or delay in the progress of the work from any [cause]." Hankins argues that this clause bars the Delay/Obstruction/Acceleration Claim because it prevents Jamison from stating a claim for damages resulting from Hankins' alleged hindrance of Jamison's work. Hankins' argument is unavailing.

Jamison has alleged that Hankins not only delayed and obstructed Jamison's work but also that Hankins "pushed Jamison to recover schedule that Hankins had lost," "accelerated the performance of Jamison's work" and thereby caused Jamison to "incur extensive additional costs." (Am. Compl., ¶¶ 32, 37.) Based on the pleadings and the exhibits attached to them – the only materials I may consider at this stage[2] – it is plausible that the no-damages-for-delay clause does not apply to a breach of contract claim for acceleration.[3] *See, e.g., Kiewit Constr. Co. v. Capital Elec. Constr. Co., Inc.*, 8:04CV148, 2005 WL 2563042, at *9 (D. Neb. Oct. 12, 2005) (denying summary judgment to contractor on acceleration claim and holding

---

[2] *See Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003) (court may only consider complaint, exhibits attached to complaint, and materials necessarily embraced by complaint when ruling on 12(b)(6) motion).
[3] Jamison was not required to plead the specific amount of damages due to delay and acceleration, respectively. *See Brion*, 651 S.W.2d at 185.

that, under Nebraska law, "damages may be available for accelerated work, even in the presence of a valid no-damages clause").

Hankins argues that a different section of the subcontract allowed it to accelerate work and that such provisions "are generally enforceable." True or not, Hankins does not explain how this would render Jamison's claim legally insufficient. Hankins cites no authority to support its contention that a claim for damages for acceleration can never be maintained under Missouri law if there is an "acceleration clause." Additionally, none of the cases Hankins relies on involves a motion to dismiss; each is a post-judgment ruling.[4]

c. *Enforceability of Section 5 of the Subcontract*

A motion to dismiss under 12(b)(6) tests only the legal sufficiency of the complaint, and the acceleration theory is enough to save Jamison's Delay/Obstruction/Acceleration Claim. But Jamison also asserts that Section 5 is unenforceable against it for at least three separate reasons: because Hankins breached the same provision; because the provision failed of its essential purpose; and because it falls into a category of clauses that are void as against public policy, as described in Mo. Rev. Stat. § 34.058. Hankins challenges Jamison's theories, arguing that Section 5 *is* enforceable. Even if these arguments could eventually

---

[4] In fact, one of the authorities cited by Hankins describes a case in which a court "had no difficulty finding that the sub was entitled to compensation for its acceleration" despite the fact that the subcontract contained an acceleration clause. *See* Bruner & O'Connor on Construction Law, § 4:34 (citing *Bat Masonry Co., Inc. v. Pike-Paschen Joint Venture III*, 842 F. Supp. 174, 181 (D. Md. 1993)).

prevail, they cannot succeed at this time.  The enforceability of Section 5 may ultimately be a question of law, but it turns on facts outside the pleadings that I cannot consider at this stage of the case.  *See, e.g.*, *Watson Elec. Constr. Co. v. City of Winston-Salem*, 426 S.E.2d 420, 422–23 (N.C. Ct. App. 1993) (under North Carolina law, refusal to grant time extension under no-damages-for-delay clause was proper basis for subcontractor's breach of contract claim).

## II.    Conclusion

Based on the foregoing, I find that Jamison's amended complaint contains enough allegations in support of its Delay/Obstruction/Acceleration Claim to set forth a plausible claim for relief.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Hankins Construction Company's motion to dismiss [#26] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this   22nd   day of July, 2013.