UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ST. LOUIS HOUSING AUTHORITY ex rel. JAMISON ELECTRIC, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:12 CV 1746 CDP |
| HANKINS CONSTRUCTION CO., and FIDELITY AND DEPOSIT CO. OF MARYLAND, | ) ) ) ) | |
| Defendants. | ) ) | |

# **MEMORANDUM AND ORDER**

This action is before the court on defendant Hankins Construction's motion to alter or amend the judgment and on plaintiff Jamison Electric's bill of costs. Because Hankins has not demonstrated that there was a manifest error of fact or law underlying my decision to award prejudgment interest, I will deny its motion except that I will reduce the judgment by the amount of interest I awarded on the Centrex-related sum.

Hankins also argues that Jamison should not have been awarded costs. As discussed below, Jamison was properly identified as the prevailing party in accordance with Fed. R. Civ. P. 54(d) and entitled to its taxable costs. However, Hankins' specific objections to costs not supported by the documentation are well-taken, and those costs will be deducted from the amount to be taxed, including the

full amount requested for private process server fees.

I. **Rule 59(e) Motion**

Fed R. Civ. P. 59(e) permits litigants to move to alter or amend a judgment within 28 days of entry of that judgment. A Rule 59(e) motion serves limited functions, including – as applicable here – "correcting manifest errors of law or fact." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotation marks omitted). The district court has "broad discretion" when determining whether to grant such a motion. *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 413 (8th Cir. 1988). Here, Hankins timely filed its Rule 59(e) motion[1] but has not demonstrated that the decision to award prejudgment interest was based on a manifest error of fact or law. However, Hankins has shown that it was error to award interest to Jamison on the amount it was supposed to pay Centrex, its supplier. I will reduce the prejudgment interest award accordingly.

   a. **It Was Proper to Rely on Mo. Rev. Stat. § 408.020 in Awarding Prejudgment Interest**

As Hankins points out, jurisdiction over this case arises from 28 U.S.C. § 1352, conveying original federal jurisdiction over actions brought to recover under

---

[1] Hankins also cited Rule 60(b), governing motions for relief from judgment, as a basis for its motion, but "any motion questioning the correctness of a judgment is functionally a Fed. R. Civ. P. 59(e) motion, regardless of how the motion is styled." *Norman v. Ark. Dep't of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996).

federally mandated bonds.  Neither the fact nor the source of this court's jurisdiction is in dispute.  However, Hankins argues that it was error to award prejudgment interest at the rate set by Mo. Rev. Stat. § 408.020 because state law only governs prejudgment interest in diversity-of-citizenship actions.  *See, e.g., California & Hawaiian Sugar Co. v. Kansas City Terminal Warehouse Co., Inc.*, 788 F.2d 1331, 1333 (8th Cir. 1986) (prejudgment interest in diversity action is determined by the law of the state in which the action arose).  Hankins characterizes this action, instead, as a federal-question case; in those cases, the determination of whether to award prejudgment interest and at what rate is entrusted to the district court's discretion.  *Philipp v. ANR Freight Sys., Inc.*, 61 F.3d 669, 674-75 (8th Cir. 1995).

Hankins is correct that this is not a diversity action, and my citation of *California & Hawaiian* was imprecise.  Nonetheless, it would be similarly misguided to rely on the federal-question cases Hankins cites, because those disputes involved purely federal causes of action.[2]  A better alternative is to look to cases brought under the Miller Act, 40 U.S.C. § 3131 *et seq*.

Under the Miller Act, most prime contractors constructing federal buildings must furnish a payment bond for the protection of their subcontractors.  Although a

---

[2] *E.E.O.C. v. Wooster Brush Co. Emps. Relief Ass'n*, 727 F.2d 566 (6th Cir. 1984) (Title VII of the Civil Rights Act of 1964), *E.E.O.C. v. Rath Packing Co.*, 787 F.2d 318 (8th Cir. 1984) (same); *Philipp*, 61 F.3d at 672 (Age Discrimination in Employment Act).

suit to recover on the mandated payment bond looks similar to a state-law breach of contract action, courts have uniformly found that the Miller Act creates a separate and district federal cause of action. *See, e.g., United States ex rel. Lighting & Power Servs., Inc. v. Interface Const. Corp.*, 553 F.3d 1150, 1153 (8th Cir. 2009). Because the Miller Act both requires a payment bond and creates a substantive federal claim, federal jurisdiction over Miller Act cases arises under both Sections 1331 and 1352. *E.g., Richards Const. Co. v. Air Conditioning Co. of Hawaii*, 318 F.2d 410, 411 (9th Cir. 1963).

The Eighth Circuit has held in a Miller Act case that if there is no contract provision setting the rate of prejudgment interest, "it is necessary to look to state law to measure the extent of the [losing party's] obligation" therefor. *D&L Const. Co. v. Triangle Elec. Supply Co.*, 332 F.2d 1009, 1013 (8th Cir. 1964); *see also United States ex rel. Yonker Const. Co. v. W. Contracting Corp.*, 935 F.2d 936, 941 (8th Cir. 1991) (collecting Miller Act cases where courts looked to state law for prejudgment interest determination and holding that it was appropriate to do so "as a matter of convenience and practicality"); *United States ex rel. Canion v. Randall & Blake*, 817 F.2d 1188, 1193 (5th Cir. 1987) (in Miller Act case, Texas state law applied to prejudgment interest determination); *L&E Co. v. United States ex rel. Kaiser Gypsum Co.*, 351 F.2d 880, 883 (9th Cir. 1965) (same for California state law).

In the instant action, even more than the Miller Act cases, the parties sought to enforce state common-law rights. Whether or not this court was compelled to apply Mo. Rev. Stat. § 408.020,[3] it certainly was proper to look to that statute as a guide. Therefore, I cannot conclude that it was a manifest error of fact or law to award prejudgment interest to Jamison at a rate of 9% per annum.

### b. **Prejudgment Interest Award Should Not Have Included Centrex Sum**

Hankins argues that the judgment awarded too much prejudgment interest for three reasons. First, according to Hankins, the award of prejudgment interest should have been offset by the extra work claims on which Hankins prevailed at trial. I already reduced the interest award accordingly. *See* Doc. 80, p. 32-34, calculating offset and citing *Walton Gen. Contractors, Inc./Malco Steel, Inc. v. Chicago Forming, Inc.*, 111 F.3d 1376, 1384 (8th Cir. 1997).

Second, Hankins argues that it should not have to pay prejudgment interest on the $18.777.01 owed to Centrex, one of Jamison's suppliers. Jamison breached section 6(c) of its contract with Hankins by falsely certifying that it had paid Centrex when it in fact it had not done so. Under Mo. Rev. Stat. § 408.020, the time for prejudgment interest begins only when an amount becomes "due and

---

[3] It is not quite right to say, as Hankins does, that state law on prejudgment interest governs *only* in diversity cases. The right to prejudgment interest is a substantive one, and under the *Erie* doctrine, federal courts exercising jurisdiction over any type of purely state law claim must apply substantive state law. *Emmenegger v. Bull Moose Tube Co.*, 324 F.3d 616, 624 & n.9 (8th Cir. 2003). Depending on how the parties' claims are characterized, this court may in fact have been obligated to apply Mo. Rev. Stat. § 408.020.

payable." Jamison's breach prevented the Centrex sum from becoming due and payable at the same time as the rest of the subcontract balance. As such, it was error to include this amount in the prejudgment interest award, and I will reduce the award by $3520.13.[4]

Third, Hankins argues that the broad language of the subcontract gave it the right to withhold "any additional amounts needed to fully protect it from any loss or expenses relating to Jamison's breaches." Essentially, this is an argument that it should not be liable for prejudgment interest because it withheld the contract balance in good faith. This argument has been consistently rejected by courts applying Mo. Rev. Stat. § 408.020. *See, e.g., Comens v. SSM St. Charles Clinic Med. Grp., Inc.*, 335 S.W.3d 76, 82 (Mo. Ct. App. 2011) ("bona fide dispute" over amount owed will not "preclude recovery of interest"); *California & Hawaiian*, 788 F.2d at 1334.[5]

c. **It Was Not Error to Award Costs to Jamison**

Finally, Hankins argues that because Jamison only achieved a partial victory in this action, Hankins should not have to bear the taxable costs Jamison incurred. The decision to award costs under Fed. R. Civ. P. 54(d) is committed to the "broad

---

[4] This amount is calculated based on an annual interest rate of 9% for the period running from the date the contract balance became due and payable, December 1, 2012, to the date of judgment, December 31, 2014.

[5] Even if Hankins could avoid paying prejudgment interest on funds it unilaterally decided were necessary to protect itself from losses related to Jamison's breaches, Hankins does not explain what those losses might be other than the extra work claims and any liability it might have to Centrex, which are already accounted for in the prejudgment interest award.

discretion" of the district court. *Little Rock Cardiology Clinic PA v. Baptist Health*, 591 F.3d 591, 601 (8th Cir. 2009)*; see also Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002) ("strong presumption" that a prevailing party is entitled to recover its costs "in full measure") (internal quotation marks omitted).

Here, despite the fact that it recovered less than it sought, Jamison is the prevailing party. *See Firefighters' Inst. for Racial Equal. ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 905 (8th Cir. 2000) (for purpose of Rule 54(d), "prevailing party" is simply party "in whose favor judgment was entered"); *see also* 10 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2667 (3d ed. 1998) (partially successful party may still be Rule 54(d) "prevailing party" presumptively entitled to costs). Hankins does not (and could not) argue that this court made a manifest error in awarding taxable costs to Jamison, so I will decline alter or amend the cost award.[6]

## II. Bill of Costs

After judgment was entered, Jamison filed its bill of costs pursuant to 28 U.S.C. § 1920, and Hankins timely filed two objections. *See* L.R. 54-8.03(A). First, Hankins objects to being billed for an apparent overpayment for the second

---

[6] Analyzed under Rule 60(b), Hankins' request to reconsider the award of costs fares no better. It has not demonstrated exceptional circumstances that would justify relief from the judgment. *See Robinson v. Armontrout*, 8 F.3d 6, 7 (8th Cir. 1993).

volume of the transcript of Stephen Hankins' deposition. (*See* Doc. 89, p. 16.) The invoice supporting that cost shows that Jamison was billed $546.75 but – for some reason – paid $645.15. Jamison has not demonstrated that the overage was for "transcripts necessarily obtained for use in the case," so I will deduct that amount ($98.40) from the costs to be taxed.

Second, Hankins points out that one invoice for service of process is apparently related to a different case and should not be billed to Hankins. (*See* Doc. 89, p. 1.) In fact, in this circuit, fees charged by private process and subpoena servers are not taxable costs at all; only Marshals' fees are recoverable under Section 1920. *See Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985); *see also Exec. Air Taxi Corp. v. City of Bismarck*, 2006 WL 3544386, at *2 (D.N.D. Nov. 7, 2006) (noting that although the role of the federal marshal in civil lawsuits has diminished since the Eighth Circuit's decision in *Crues*, district courts remain bound by that decision); *Bunda v. Potter*, 2006 WL 266513, at *3 (N.D. Iowa Jan. 31, 2006) (describing tension between Section 1920 and Fed. R. Civ. P. 4, restricting availability of marshal service). Therefore, I will deduct altogether the fees requested for private service of process and subpoenas ($315).

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to alter or amend the judgment [#88] is granted in part. The award of prejudgment interest is reduced by

$3520.13.  An amended judgment accompanies this order.

**IT IS FURTHER ORDERED** that plaintiff's motion for bill of costs [#87] is granted in part.  The Clerk of Court shall tax the following costs in favor of Jamison Electric, LLC and against Hankins Construction Co.:

| | |
|---|---|
| Fees of the Clerk | $97 |
| Fees for transcripts necessarily obtained | $3,251.70 |
| ***TOTAL TAXABLE COSTS*** | ***$3,348.70*** |

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 13th day of April, 2015.